# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES ALEXANDER DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 14-1619 (RC) |
| UNITED STATES OF AMERICA, | ) ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner is a prisoner at the Federal Correctional Institution in Seagoville, Texas. Proceeding *pro se*, he seeks a writ of habeas corpus to "preserve [his] personal freedom, personal rights, natural rights, political rights and rights secured by the Constitution of the United States of America (organic)." Pet. for Writ of Habeas Corpus Ad Subjiciendum at 1. The gravamen of this action is a challenge to petitioner's federal convictions entered in the Western District of North Carolina "for the alleged crimes of filing a false and fraudulent Form 1040 and interfering with the administration of internal revenue laws[.]" *Id*. at 2. Petitioner alleges, among other wrongs, that the convictions were obtained "without [a constitutionally valid] indictment or complaint." *Id*. *But see United States v. Davis*, 539 Fed. Appx. 279, 280, 284 (4th Cir. 2013) (per curiam) (rejecting on direct appeal petitioner's "frivolous argument" that "the indictment is not *bona fide* or that the government knowingly filed a document that is not what it purports to be").

Since petitioner's convictions occurred in the United States District Court for the Western District of North Carolina, he cannot obtain habeas relief in this Court. This is because

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

U.S.C. § 2255(a). And

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has not alleged, let alone shown, that his available remedy under § 2255 is inadequate or ineffective. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

DATE: November 3, 2014